CASANUEVA, Judge.
Fernando Soto appeals the order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He asserted three claims: the first two claimed ineffective assistance of counsel, but the third was not cognizable on a postconviction motion. We affirm without comment the denial of postconviction relief except in one respect. We reverse that part of the final order that denied relief on related claims A(4) and B, that counsel was ineffective for *565 coercing him to plead by threatening to withdraw as counsel.
Nineteen-year-old Mr. Soto was on probation for misdemeanor battery and felony possession of cocaine when he violated probation by committing an attempted robbery with a firearm. He entered an open plea to the new charge and the resulting violation of probation. Although he qualified for youthful offender sentencing, the trial court declined to sentence him as a youthful offender. Instead, the trial court sentenced him to ten years’ incarceration with a minimum mandatory term of ten years for use of the firearm for the attempted armed robbery, forty-six months’ concurrent incarceration for the felony possession of cocaine, and time served for the misdemeanor battery. He did not appeal these judgments and sentences but did file a timely motion for postconviction relief.
In related claims A(4) and B, Mr. Soto alleged that his trial counsel had pressured him into pleading by saying that if he chose to go to trial, counsel would withdraw from his case, the trial court would not appoint him new counsel, and he would have to defend himself pro se at trial. After receiving a State response to this claim, the postconviction court summarily denied it and attached certain pages of the transcript of the change of plea hearing to ground the denial. We conclude that the attached pages of the change of plea hearing do not conclusively refute Mr. Soto’s allegations that he was coerced into pleading by his counsel’s alleged threats.
Consequently, we affirm those parts of the summary denial of postconviction relief not related to the claim of counsel’s alleged threat to withdraw. We reverse the remaining portion and remand to the post-conviction court to hold an evidentiary hearing on the claim that Mr. Soto’s trial counsel threatened to withdraw from representing him if he chose to go to trial rather than plead to the charges.
Affirmed in part, reversed in part, and remanded.
LaROSE and CRENSHAW, JJ., Concur.